**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | |
| **JUAN CARLOS OCASIO ROMAN** | **CASE NO. 11-01415 BKT** |
| | **Chapter 13** |
| **XXX-XX-3794** | |
| | **FILED & ENTERED ON 11/16/2011** |
| **Debtor(s)** | |

## OPINION AND ORDER

This proceeding is before the Court upon Debtor's Amended Chapter 13 Plan (Dkt No. 46)[1] and the Chapter 13 Trustee's (the "Trustee") objection to confirmation of the debtors' chapter 13 plan and objection to amended statement of current monthly income (the "Objection") (Dkt No. 59). The controversy is based on Debtor's calculation of their current monthly income. Debtor, following the format and instructions of Official Bankruptcy Form B22C ("Form B22C"), deducted business expenses from its self-employed income, which resulted in below-median income, entitling debtors to a three (3) year commitment period. For the reasons set forth below, this Court adopts the mechanical test for determining disposable income as set forth in Sections 1325(b)(1)(B) and 1325(b)(2), by reference to current monthly income determined pursuant to Section 101(10A) and

---

1 Debtor again amended its Chapter 13 Plan on November 3, 2011 (Dkt No. 62), basing the same on the calculations of the ASCMI, thus, not affecting this Court's current determination.

Official Form B22C, and therefore denies the Trustee's Objection.

**I. JURISDICTION**

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. §157(b).

**II. BACKGROUND**

Debtor is a self-employed truck driver with a monthly gross income of $4,993.99. (Schedule I, Dkt. No. 1). Debtor's original statement of current monthly income ("SCMI") or Form B22C shows that Debtor's gross receipts totaled $5,925.18, and after deducting $2,093.00 as ordinary and necessary business expenses, Debtor was left with a net business income of $3,832.18. (SCMI, ¶ 3, Dkt. No. 1). The applicable commitment period was five (5) years, with a monthly disposable income of $599.311. (SCMI, ¶ 59, Dkt. No. 1).

On April 19, 2011, debtor filed an amended SCMI ("ASCMI")(Dkt No. 13) in which gross receipts were increased to $6,263.21, deductions of $4,754.68 as ordinary and necessary business expenses, and a resulting net business income of $1,508.53. (ASCMI, ¶ 3, Dkt. No. 13). Consequently, the applicable commitment is three (3) years. (SCMI, ¶ 59, Dkt. No. 1).

The Trustee's position is that a self-employed Chapter 13 debtor, as in this case, should not be allowed to deduct the ordinary and necessary business expenses from line 3 of the SCMI when calculating the current monthly income and the applicable commitment period, even though the official form (Form B22C) so provides.

**III. DISCUSSION**

The Trustee contests deduction of ordinary and necessary business expenses when calculating Debtor's current monthly income in Part I of Official Form B22C *vis a vis* allowing said deductions in "Other Expenses" category included in Part IV of Form B22 C.  Form B22C comprises: (i) a report of current monthly income (Part I of Form B22C), (ii) calculation of the plan's applicable commitment period (Part II of Form B22C) and (iii) computation of means test and deductions to determine monthly disposable income for above-median income chapter 13 debtors (Parts III & IV of Form B22C).  We must first analyze the pertinent statutory language in Sections 101(10A) and 1325(b)(2) of the Bankruptcy Code.  11 U.S.C. §§ 101(10A) & 1325.

Section 1325(a) sets forth the requirements for Chapter 13 plan confirmation.  11 U.S.C. § 1325.  Additional requirements for confirmation are triggered by an objection from a trustee or an unsecured creditor, pursuant to 11 U.S.C. § 1325(b)(1).  For instance, the Court is precluded from confirming a plan over the objection of a trustee or holder of an allowed unsecured claim unless:

> (A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such [unsecured] claim; or
> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.
> Section 1325(b)(1)

Debtor in this case is not proposing to pay unsecured creditors' claims in full, therefore, he must commit all of his projected disposable income received during the applicable commitment period to fund the plan.

Section 1325(b) begins the disposable income calculation by determining the debtor's current monthly income.  Section 101(10A) defines "current monthly income" as the "average monthly

income from all sources that the debtor receives, without regard to whether such income is taxable income, derived during the 6-month period before the petition date, subject to certain exclusions specified in Section 101(10A)(A)(i) & (ii).  11 U.S.C. § 101(10A).

After obtaining its current monthly income, a debtor must then subtract a series of income exclusions and expense deductions to arrive at "disposable income".  In re Williams, 394 B.R. 550, 557 (Bankr.D.Colo. Sep 12, 2008) citing 6 Keith M. Lundin, Chapter 13 Bankruptcy § 467.1 at 467-3 to 467-12 (3d ed.2000 & Supp.2007–1) (describing the categories of exclusions and adjustments a debtor must make to get from current monthly income to disposable income).

In this regard, Section 1325(b)(2) defines "disposable income" as the current monthly income received by the debtor, less amounts reasonably necessary for support and maintenance of the debtor and the debtor's dependents.  11 U.S.C.1325(b)(2)(A).

Under Section 1325(b)(2)(B), debtors engaged in business are subject to additional exclusions and deductions to arrive at the disposable income.  That is, after the deduction of amounts necessary for support and maintenance of the debtor and the debtor's dependents, the debtor must also deduct from the business gross income those expenditures which are necessary for the continuation, preservation, and operation of the debtor's business.  11 U.S.C. 1325(b)(2)(B); 8 Collier on Bankruptcy ¶ 1325.11[4][c] (16th ed.).

In this sense, the Court's task is limited to determining whether expenditures are necessary for the continuation, preservation, and operation of the business. 11 U.S.C. 1325(b)(2)(B); 8 Collier on Bankruptcy, supra.  Discretion must be given to the debtor, who will usually know its business far better than the Court or the Trustee.  Id.

Section 1325(b)(3) directs the use of the "means test" rules of Section 707(b)(2)(A) and (B)

for an above-median debtor to determine the amounts reasonably necessary to be expended for purposes of calculating disposable income and to determine payments to unsecured creditors. 11 U.S.C. §707(b)(2)(A)&(B).

The applicable commitment period for above-median income chapter 13 debtors is not less than five years, 11 U.S.C. §1325(b)(4)(A)(ii), although, the commitment period for below-median income debtors is three years. 11 U.S.C. §1325(b)(4)(A)(i).

Here, the Trustee argues that Debtor should deduct the business expenses in Part IV of the Form B22C in order to determine his disposable income, and not in Part I of the Form B22C where the current monthly income is computed. The Trustee claims that the plain meaning of the statute dictates such a result.

The Court agrees that the plain meaning of the statute must govern the result. However, the Court disagrees with the Trustee's interpretation of the plain meaning of Sections 101(10A), 1325(b)(2)(B) and Form B22C.

To assist a debtor in calculating the required disposable income amount under § 1325(b)(2), the Judicial Conference of the United States prescribed Official Form B22C. Moreover, Bankruptcy Rule 9009 requires the use of Official Forms, which shall be construed to be consistent with the Bankruptcy Rules and Code. Particularly, Form B22C is intended to provide a standard methodology for evaluating a debtor's income and expenses. In re Nance, 371 B.R. 358, 361-62 (Bankr.S.D.Ill.2007).

Pursuant to Fed. R. Bank. P. 1007(b)(6), debtors must complete Form B22C to determine its current monthly income and to calculate the disposable income amount. Using Form B22C, debtors compute their current monthly income (Part I of Form B22C) and the plan's applicable commitment

period (Part II of Form B22C).

In establishing the current monthly income, Part I of Form B22C allows a debtor to deduct the ordinary and necessary business expenses from the gross receipts of the operation of its business, the difference of which is reported as business income.  (Form B22C, Lines 3a to 3c).  Form B22C uses net, and not gross, business income to calculate a debtor's current monthly income, which is the income a debtor could expect to receive monthly.  (Form B22C, Lines 3a to 3c).

All chapter 13 debtors are required to complete Form B22C and adhere to its form.  After all, Official Form 22C was considered and approved by the Advisory Committee on Bankruptcy Rules and required by Fed.R.Bank.P. 1007(b)(6) & 9009.  In fact, the Judicial Conference of the United States approved and published, effective Jan. 1, 2008, amended Official Forms 22A, 22B and 22C, which provide that current monthly income should include only net business expense amounts. (Form B22C, Lines 3a to 3c).

Moreover, Form B22C provides for reporting of business expenses (Form B22C, Lines 3a to 3c), which are not listed as a specific category under "Other Necessary Expenses" (Part IV of Form B22C), but rather included for computation of debtor's current monthly income.  (Part I of Form B22C).

A myriad of interpretations exist as to the expense deduction allowed by Form B22C, some which consider it to be inconsistent with 11 U.S.C. §1325(b)(2).  See In re Wiegand, 386 B.R. 238, 242 (9th Cir. BAP 2008) citing In re Arnold, 376 B.R. 652, 654 (Bankr.M.D.Tenn.2007).  Although this Court recognizes that the different approaches are supported by persuasive arguments and authority, this Court sees no sufficient reason to depart from the mechanical test established in Sections 101(10A) and 1325(b) or from Form B22C.  It is most likely that only in rare instances will

the Courts consider confirming chapter 13 plans that do not conform to the calculations on Form B22C. In re Tuss, 360 B.R. 684, 692 (Bankr.D.Mont.2007).

Among other things, the additional income of a business (as of a non-debtor spouse) is completely irrelevant for the reckoning of Debtor's plan, if that income is not made available to cover household expenses so that the debtor has more money available to make the plan payment. See In re Dugan, 2008 WL 3558217 (Bankr. D. Kan. Aug. 12, 2008)(in determining whether to consider income of a non-filing spouse).

Also, the use of gross receipts for self-employed debtors would lead to distinctions in the calculation of current monthly income based on the business form under which the debtor has chosen to operate, resulting in prejudicial treatment to business proprietors. Mark A. Redmiles, Saleela Khanum Salahuddin, The Net Effect: Debtors with Business Income Are Permitted to Deduct Ordinary and Necessary Business Expenses in Calculating Current Monthly Income, 27-OCT Am. Bankr. Inst. J. 16, 57 (2008). Business owners need to invest in business related expenses, such as raw materials and equipment, prior to generating any income. As a result, the net revenue (gross revenue minus expenses) becomes the real income.

The Trustee's interpretation of Form B22C would artificially inflate the current monthly income of Debtor by including as part of his income the business revenue that would in fact be consumed by business expenses, thereby forcing a longer commitment period under. 11 U.S.C. § 1325(b)(4).

Debtors filed its Amended Form B22C or SCMI, subtracting business expenses on Line 3, Part I, allowing for their current monthly income to fall below the median. As such, they were not required to fill out Parts IV through VI and could file a three-year plan. Trustees have no legitimate

interest in objecting to plans, or modifications thereof, where debtors propose to pay all that they can truly afford.  8 Collier on Bankruptcy ¶ 1325.11[4][a] (16th ed.).

This Court holds that it will apply the mechanical test in determining disposable income in both Sections 1325(b)(1)(B) and 1325(b)(2) by reference to current monthly income determined pursuant to Section 101(10A) and Form B22C.

WHEREFORE, IT IS ORDERED that, in light of the foregoing, the Trustee's Objection (Dkt No. 59) is hereby DENIED.

**IT IS SO ORDERED.**

**San Juan, Puerto Rico this 16 day of November, 2011.**

**Brian K. Tester**
**U.S. Bankruptcy Judge**